ORDER
PER CURIAM.
On November 11, 1999, the appellant filed his appeal to a July 30, 1999, decision of the Board of Veterans’ Appeals (BVA) which found, inter alia, that a December 1993 VA regional office (VARO) decision was final. On May 30, 2000, the Court received the appellant’s brief in this matter requesting that the Court vacate the BVA decision and remand the case for readjudication.
At dispute in this case, is whether the appellant received notice of the December 9, 1993 VARO decision. The appellant contends that he did not receive the decision, nor was he contacted regarding it. While, the record indicates that the appellant did receive his complete claims file in April 1995, it does not specifically indicate whether the December 1993 decision was included in that file. Neither party has addressed this issue in their briefs to the Court. The appellant should inform the Court whether that notice was in the file and thus part of the record before the Secretary. The Secretary should inform the Court whether, as a matter of routine, such notices would have been in the file.
In addition, counsel for the appellant also argues in his brief that “there is no suggestion in the record [that] the appellant had ever appointed the [Disabled American Veterans (DAV)] as [his] representative .... ” Counsel made no further mention as to whether the appellant was or was not represented by DAV at the time the December 1993 notice was sent to the appellant. While the record clearly indicates that several notices, including the December 1993 decision, were sent to DAV, it is not clear whether DAV was in fact the appellant’s representative at that time. The Court is not sure whether counsel is arguing that DAV was not the appellant’s representative at the time the December 1993 decision was originally mailed, or whether we should disregard the notices in the record which were sent to DAV simply because the record contains no agreement as to representation by DAV.
Finally, on November 13, 2000, the Court issued Miscellaneous Order Number 4-00 which provided that any party may, *304 without leave of the Court, file a motion or paper addressing the applicability of the VCAA to the disposition of their appeal. In re: Veterans Claims Assistance Act of 2000, 14 Vet.App. Ct.R-2 (Dec.2000) (en banc order) (citing Rules 25(c) and 28(g) of the Court’s Rule of Practice and Procedure). Despite a four month window of opportunity to do so, the appellant has failed to submit any additional arguments addressing VCAA applicability to his claim. If the appellant desires to raise VCAA issues, he should take advantage of the opportunity to do so now, or waive any further VCAA claims he may have.
Accordingly, it is
ORDERED that the appellant file and serve on the Secretary, within 30 days after the date of this order, a legal memorandum addressing (1) whether the December 1993 VARO decision was included in the claims filed he received in April 1995; (2) whether he was actually represented by DAV during December 1993 and January 1994; and (3) what effect, if any, his responses to the first two questions have upon his current claim. The Secretary shall file and serve upon the appellant, a response to the appellant’s legal memorandum within 30 days after the date of service of such memorandum.